**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Isabel Evangeline Raby Perry,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-26-00028-TUC-SHR

**ORDER ADOPTING R&R**

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 25) issued by United States Magistrate Judge Jacqueline M. Rateau recommending the Court reverse the Commissioner's final decision and remand this matter for further proceedings. Plaintiff Isabel Evangeline Raby Perry has filed an Objection (Doc. 26), and Defendant has filed a Response (Doc. 27). For the following reasons, the Court will overrule Plaintiff's Objection, adopt the R&R's recommended disposition, reverse the Commissioner's decision, and remand this matter for further proceedings.

## I. Background[1]

In July 2022, Plaintiff filed an application for Supplemental Security Income. Plaintiff's application was denied initially and on reconsideration. An administrative law judge (ALJ) held a hearing in February 2025 and issued an unfavorable decision in March 2025. The Appeals Council subsequently denied review, making the ALJ's decision the

[1] Because the parties do not object to the R&R's recitation of the factual and procedural history, the Court recounts only the history relevant to the disputed remedy.

Commissioner's final decision.

In January 2026, Plaintiff filed this action challenging the ALJ's evaluation of medical opinion evidence and her physical symptom testimony. (Doc. 1.) The Commissioner concedes the ALJ's evaluation requires reconsideration but argues the appropriate remedy is remand for further administrative proceedings. (Doc. 21 at 2.) Plaintiff maintains the improperly rejected evidence should be credited as true and the matter remanded for immediate calculation and payment of benefits. (Doc. 24 at 4–8.)

The R&R recommends reversing the Commissioner's decision and remanding for further proceedings. (Doc. 25 at 17.) Plaintiff agrees the ALJ failed to provide legally sufficient reasons for rejecting the disputed medical opinions and symptom testimony but objects to the recommended remedy. (Doc. 26 at 2, 8–9.) She contends the record is fully developed and crediting the improperly rejected evidence as true requires a finding of disability. (*Id.* at 9.) The Commissioner responds unresolved conflicts in the evidence warrant further administrative proceedings. (Doc. 27.)

## II. Standard of Review

When reviewing a magistrate judge's R&R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court must review de novo those portions to which a party specifically objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## III. Discussion

As discussed, Plaintiff objects to the R&R's determination remand for further proceedings—rather than for immediate calculation of disability benefits—is the appropriate remedy in this case. (Doc. 26 at 2.) Under 42 U.S.C. § 405(g), a court may affirm, modify, or reverse a decision of the Commissioner "with or without remanding the cause for a rehearing." Thus, if appropriate, "courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014). Under the credit-as-true rule, a

court may remand for the immediate calculation and award of benefits if:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id.* at 1020. "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for further proceedings in all but the rarest cases.").

Further administrative proceedings are appropriate where "the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time." *Treichler*, 775 F.3d 1090 at 1101 (citations and internal quotation marks omitted). Additionally, if "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act," the Court may decline to apply the credit-as-true rule and instead remand for further proceedings. *Garrison*, 759 F.3d at 1021.

Here, Plaintiff contends the record contains no significant factual conflicts requiring resolution and further administrative proceedings would serve no useful purpose. (Doc. 26 at 9–10.) The Court disagrees. The record contains materially different assessments of Plaintiff's physical capacity: Drs. Saperstein and Sudano assessed limitations that would prevent sustained work, while the state-agency reconsideration assessment supported medium exertional work. (Doc. 25 at 7–8, 16; Doc. 20 at 9–10.) The treatment history likewise documents persistent fatigue, pain, and dizziness alongside reports of increased endurance for household chores and progress toward therapy goals. (Doc. 25 at 4–6; Doc. 27 at 2–3.) Those reports do not themselves establish an ability to sustain full-time employment, particularly given Plaintiff's reports of increased symptoms following

activity, but they leave unresolved the extent and duration of any improvement and its effect on her sustained functional capacity. Although Plaintiff's testimony and her treating physicians' assessments support limitations that the vocational expert identified as work-preclusive, these material conflicts require further administrative resolution before the disputed evidence may be credited as true. Because further proceedings would serve a useful purpose in resolving those conflicts, the Court declines to remand for an immediate award of benefits and will adopt the R&R's recommended disposition over Plaintiff's objection.

**IV. Conclusion**

**IT IS ORDERED** Plaintiff's Objections (Doc. 26) are **OVERRULED** insofar as they seek remand for an immediate award of benefits.

**IT IS FURTHER ORDERED** the R&R (Doc. 25) is **ADOPTED AS MODIFIED** by this Order.

**IT IS FURTHER ORDERED** the Commissioner's final decision is **REVERSED** and this matter is **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner shall reevaluate the disputed medical opinions and Plaintiff's physical symptom testimony, reassess Plaintiff's residual functional capacity, and obtain additional evidence as necessary.

**IT IS FURTHER ORDERED** the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 20th day of November, 2026.

Honorable Scott H. Rash
United States District Judge